UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT NORSOPH, Individually and on behalf of others similarly situated, | Case No.: 2:13-cv-580-APG-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| RIVERSIDE RESORT AND CASINO, INC., THE DONALD J. LAUGHLIN FAMILY TRUST, and DONALD J. LAUGHLIN, as sole trustee and beneficiary of such trusts, and DONALD J. LAUGHLIN, Individually, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Lift Stay (ECF No. 57) and Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(b) and for Other Relief (ECF No. 58), filed on August 8, 2018. Defendants filed their Opposition (ECF No. 59) on August 22, 2018. Plaintiff filed his Reply (ECF No. 62) on September 9, 2018. The Court conducted a hearing in this matter on October 22, 2018.

**BACKGROUND**

Plaintiff filed this collective action on April 4, 2013 on behalf of himself and other similarly situated individuals pursuant to the Fair Labor Standards Act ("FLSA") based on Defendants' alleged failure to pay minimum wages and/or overtime wages as required by 29 U.S.C. § 201-218 et seq. *Complaint* (ECF No. 1). Plaintiff alleges that he was employed as a casino dealer at the Riverside Resort and Casino in Laughlin, Nevada, and that Defendants required him as a condition of his employment "to pool and share his tips with other employees

1

who do not customarily and regularly receive tips." *Id.* at ¶ 13. This tip-pooling practice allegedly violated 29 U.S.C. § 203(m) and § 206, and the implementing regulations set forth in 29 C.F.R. §§ 531.52 and 531.54 which became effective on May 5, 2011. *Id.* Plaintiff alleges that pursuant to the tip-pooling practice, Defendants "effectively failed to pay any wages whatsoever to the plaintiff, in that defendants recoup from the plaintiff, through the taking of a portion of the plaintiff's tips, an amount far in excess of the amount it nominally pays to the plaintiff from defendants' own funds, such actions by the defendants violating the purpose and intent of the FLSA which is to make all employers pay FLSA required minimum wages and overtime wages and all other wages solely from the resources of the employer and not by appropriating employees tips to make such wage payments . . . ." *Id.* at ¶ 14.

On July 15, 2013 the parties filed a stipulation to stay this action pending the resolution of anticipated appeals in Oregon Restaurant and Lodging, et al. v. Perez, Case No. 3:12-01261-MO, District of Oregon, and Cesarz, et al. v. Wynn Las Vegas, LLC, et al., Case No. 2:13-cv-00109-RCJ-CWH, District of Nevada, regarding the validity of the Department of Labor (DOL) regulations at issue in this case. The parties also stipulated to toll the running of the statute of limitations during the pendency of the stay. The Court granted the requested stay and tolling of the statute of limitations on July 22, 2013. *Order* (ECF No 21).

On February 23, 2016, the Ninth Circuit issued its decision in the consolidated appeals in Oregon Restaurant and Lodging and Cesarz, upholding the validity of the regulations. *See Oregon Restaurant and Lodging Ass'n v. Perez*, 816 F.3d 1080 (9th Cir. 2016). The court noted that in *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 583 (9th Cir. 2010), it held that a tip pooling practice that required the sharing of tips between customarily tipped employees and non-customarily tipped employees did not violate 29 U.S.C. § 203(m), so long as the employer did not take a tip credit. Shortly after *Cumbie* was decided, the Department of Labor adopted the regulations that extended the tip pool restrictions of § 203(m) to all employers, and not just to those who take a tip credit. *Oregon Restaurant and Lodging*, at 1082-83. The revised regulation, 29 C.F.R. § 531.52, states as follows:

> Tips are the property of the employee whether or not the employer has taken a tip credit under section [20]3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section [20]3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.

*Id.* at 1085.

Applying the two-step framework set forth in *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778 (1984), the court held that the revised regulations were valid. The dissenting judge would have found the regulations invalid. *Id.* at 1091-95. In *Marlow v. New Food Guy, Inc.*, 861 F.3d 1157 (10th Cir. 2017), the Tenth Circuit agreed with the dissent in *Oregon Restaurant and Lodging*, and held that the regulations were beyond DOL's legislative authority to enact.

Following the Ninth Circuit's decision in *Oregon Restaurant and Lodging Ass'n v. Perez*, the parties stipulated to continue the stay in force pending a request for en banc review of the panel's decision, or possible appeal to the United States Supreme Court. The Ninth Circuit denied en banc review on September 6, 2016. *See Oregon Restaurant and Lodging Ass'n v. Perez*, 843 F.3d 255 (9th Cir. 2016). The Supreme Court denied the petition for certiorari on June 25, 2018. *See National Restaurant Ass'n v. Department of Labor*, 138 S.Ct. 2697 (2018).

Meanwhile, 29 U.S.C. § 203(m) was amended by Congress on March 23, 2018. Section 203(m)(2)(B) now provides:

> An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

Plaintiff Robert Norsoph filed a declaration stating that he was employed by Defendants as a table games dealer from August 1989 to May 19, 2012. He states that for the entirety of his employment, Defendants operated a policy that required Plaintiff and all other table game dealers to pool and share their tips with the supervisors who were not employees who customarily and

regularly received tips. *Motion* (ECF No. 58), *Exhibit A*, ¶ 2. Defendants argue that prior to the 2018 statutory amendment, the Secretary of Labor was considering rescinding the regulations, and testified before Congress that the regulations were beyond the DOL's legislative authority to adopt. Defendants continue to assert that the pre-amendment statute did not prohibit the tip pooling practice in the absence of the employer taking a tip credit, and that the DOL regulations were invalid. *Opposition* (ECF No. 58), at 4-5. Plaintiff argues, however, that nothing in the statutory amendment indicates that Congress intended to declare the regulations invalid, and they are still enforceable for the period between May 5, 2011 and March 23, 2018.

Plaintiff requests that the Court lift the stay[1] and conditionally certify an FLSA opt-in class consisting of (A) current or former casino table games dealers employed by defendants at the Riverside in Laughlin, Nevada; (B) who performed such work after May 5, 2011; and (C) who, as a condition of their employment, were required to share tips with the Non-Tipped Employees. *Motion for Circulation of Notice* (ECF No. 58), *Exhibit B, Proposed Notice of Collective Action, pg. 3*.

## **DISCUSSION**

Under the FLSA, an employee may initiate a collective action on behalf of himself and other similarly situated people. 29 U.S.C. § 216(b). The requirements for class action certification under Fed.R.Civ.P. 23(a) do not apply to claims arising under the FLSA. *Kinney Shoe Corp. v. Vorhes,* 564 F.2d 859, 862 (9th Cir. 1977); *Davis v. Westgate Planet Hollywood Las Vegas*, 2009 WL 102735 *8 (D. Nev. Jan. 12, 2009). Although a plaintiff may bring an action on behalf of himself and others similarly situated, "no employee shall be a party to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought." 29 U.S.C. § 216(b). District courts have the discretion in appropriate cases to implement § 216(b) by facilitating notice to potential plaintiffs. *Hoffmann-LaRouche, Inc. v. Sperling,* 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Edwards v. City of Long Beach,* 467 F.Supp.2d 986, 989 (C.D. Cal. 2006).

---

[1] The stay, in fact, expired on September 28, 2018.

4

The Court must determine whether the potential plaintiffs are "similarly situated" to create an opt-in class under § 216(b). *Davis,* 2009 WL 102735 at *9 (citing *Grayson v. K-Mart Corp.,* 79 F.3d 1086, 1097 (11th Cir. 1996)). A named plaintiff seeking to create a § 216(b) opt-in class need only show that his/her position is similar, but not identical, to the positions held by putative class members. *Sperling v. Hoffman-La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J. 1988), aff'd in part and repealed and dismissed in part, 862 F.2d 439 (3rd Cir. 1988), aff'd, 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989). The similarly situated requirement of § 216(b) is more elastic and less stringent than the joinder and severance requirements found in Rule 20 and Rule 42 respectively of the Federal Rules of Civil Procedure.

**I. Whether Plaintiff Has Made A Sufficient Showing for Conditional Class Certification.**

The Ninth Circuit has not formulated a test to determine whether putative class members are similarly situated. Numerous district court decisions, however, apply a two-step approach for determining whether potential plaintiffs are similarly situated. *Davis,* 2009 WL 102735 at *9. At the first step, the court makes a preliminary determination whether to conditionally certify a class under § 216(b) and send notice to potential class members and give them the opportunity to join the action. At the second step, generally after discovery is completed, the defendants may move to decertify the collective action. The court then makes a final determination, based on the evidence, whether the FLSA collective action should go forward.

At the first step, the court relies primarily on the pleadings and any affidavits submitted by the parties to decide whether the potential class should be given notice of the action. *Davis,* 2009 WL 102735 at *9 (citing *Leuthold v. Destination America, Inc.,* 224 F.R.D. 462, 466 (N.D. Cal. 2004)). A fairly lenient standard is applied at this step because the court has "minimal evidence" to make its determination. *Mooney v. Aramco Services, Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995); *Kane v. Gage,* 138 F.Supp.2d 212, 214 (D. Mass. 2001). A plaintiff need only make substantial allegations that the putative class members were subject to a single decision, policy, or plan that violated the law. *Mooney,* 54 F.3d at 1214 n. 8. *See also Byard v. Verizon*

*West Virginia, Inc.*, 287 F.R.D. 365, 369 (N.D.W.Va. 2012) ("District courts in this Circuit have found conditional certification appropriate where plaintiffs put forward at least a 'modest factual showing' that the members of the putative class were victims of a common policy or practice that violated the FLSA.") The Sixth Circuit has given implicit approval to the two step approach and the lenient standard applied at the first step. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-547 (6th Cir. 2006).

Although a lenient standard is applied at the first step, a plaintiff does not meet his burden through unsupported assertions of widespread violations. *Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 990 (C.D. Cal. 2006). "Mere allegations will not suffice; some factual evidence is necessary." *Bernard v. Household Intern., Inc.*, 231 F.Supp.2d 433, 435 (E.D. Va. 2002). *See also Smith v. Sovereign Bancorp., Inc.*, 2003 WL 22701017, *2 (E.D. Pa. Nov. 13, 2003). Affidavits in support of a motion for conditional certification must be based on the affiant's personal knowledge, which may be inferred from what he would have probably learned during the normal course of employment. *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006). The court, however, does not resolve factual disputes, decide substantive issues on the merits or make credibility determinations at the first stage. *Fisher v. Michigan Bell Telephone Co.*, 665 F.Supp.2d 819, 826 (E.D. Mich. 2009); *Byard,* 287 F.R.D. at 371.

Some courts have held that a motion for conditional class certification must be based on admissible evidence. *Harrison v. McDonald Corp.*, 411 F.Supp.2d 862, 865-866 (S.D. Ohio 2005); *Richards v. Computer Scis. Corp.*, 2004 WL 2211691, *1 (D. Conn. Sept. 28, 2004). Other courts state, however, that evidence submitted in support of a motion for conditional certification does not have to meet the admissibility standard applicable to summary judgment motions. *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006); *Crawford v. Lexington-Fayette Urban County Government*, 2007 WL 293865, *2-*3 (E.D. Ky. Jan. 26, 2007); *Bredbenner v. Liberty Travel, Inc.*, 2009 WL 2391279,*2 n. 1 (D.N.J. July 31, 2009); *Howard v. Securitas Security Services,* 2009 WL 140126, *3 (N.D.Ill. Jan 20, 2009); and *Longcrier v. HL-A Co., Inc.*, 595 F.Supp.2d 1218, 1224 n. 8 (S.D. Ala 2008). The court in

*Fisher,* 665 F.Supp.2d at 826, stated that "[b]ecause final disposition is not an issue at the conditional certification stage, requiring a plaintiff to present evidence in favor of a conditional certification that meets the hearsay standards of the Federal Rules of Evidence fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis of his case." (internal quotation marks and citations omitted). *See also Davis v. Social Service Coordinators, Inc.*, 2012 WL 5361746 (E.D. Cal. Oct. 30, 2012); and *Guy v. Casal Institute of Nevada, LLC*, 2014 WL 1899006, at *4 (D.Nev. May 12, 2014). The evidentiary standard applied by *White* and *Fisher* is the better view.

Some courts, primarily (if not entirely) in the Eleventh Circuit, have required plaintiffs to show that other individuals within the putative class desire to opt-in to the action. *Dybach v. State of Florida Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991). This requirement has not been applied by district courts in the Ninth Circuit. *See Davis,* 2009 WL 102735 at *12; *Kiser v. Pride Communications,* Inc., 2011 WL 3841021, *2 (D.Nev. Aug. 29, 2011); *Hoffman v. Securitas Security Services*, 2008 WL 5054684, *5 (D.Idaho Aug. 27, 2008); *Mowdy v. Beneto Bulk Transp.*, 2008 WL 901546, *7 (N.D.Cal. March 31, 2008); and *Davis v. Social Service Coordinators, Inc.*, 2012 WL 5361746, *20 (E.D.Cal. Oct. 30, 2012). As the court in *Hoffman* noted, requiring a plaintiff to initially demonstrate that other persons wish to opt-in is contradictory to the very notion of providing notice to potential plaintiffs of the opportunity to participate in the collective action.

Plaintiff Norsoph's declaration sets forth sufficient facts, based on his personal knowledge and experience as a table games dealer at the Riverside Casino, to show that Defendants operated a tip pooling policy that required all table game dealers to share their tips with supervisors, and that this policy was still in effect after the regulations were adopted on May 5, 2011. Defendants do not dispute that the alleged tip-pooling practice occurred. They argue, instead, that the practice was lawful because the regulations on which Plaintiff relies was nullified by Congress and the Department of Labor. They also argue that Plaintiff is not a proper class representative because he did not work for Defendants after the March 2018 statutory amendment which also prohibits the tip pooling practice. *Opposition* (ECF No. 59) at 2-3.

7

1    If the Court upholds the validity of the regulations for the period between May 5, 2011

2    and March 3, 2018, then Plaintiff Norsoph is a proper class representative for claims that accrued

3    during that period.  It is not clear whether Plaintiff seeks to allege a collective action on behalf of

4    persons who were employed by Defendants after the March 2018 amendment of the statute.  The

5    parties should confer on whether there is a factual basis for Plaintiff to allege that Defendants

6    have continued to apply the challenged tip pooling practice since March 2018.  Plaintiff may not

7    be a proper representative for opt-in plaintiffs whose claims accrued after March 2018.  This

8    issue can potentially be resolved, however, by appointing another plaintiff as class

9    representative.

10    The Court will not postpone the sending of notice until it rules on Defendants' anticipated motion for judgment on the pleadings.  This case was already stayed for an extended period while the parties awaited the decision in *Oregon Restaurant and Lodging*.  There remains binding Ninth Circuit precedent that the regulations are valid.  The Court is not convinced that the  2018 statutory amendment retroactively invalidated those regulations.  It may have been Congress's intent only to resolve the continuing dispute regarding the validity of the regulations, without deciding that they were, in fact, invalid prior to the statutory amendment.  The Court therefore finds good cause to authorize circulation of notice of this action to potential collective action class members.

**II. Opt-In Period**.

Plaintiff requests that the Court authorize a period of 120 days from the date the notice of pendency of this action is mailed for the collective action class members to join this action by filing consents with the Court. Defendants request a shorter opt-in period of 60 days.  Judges in this district have regularly approved notice periods of between 60 and 90 days. *See* Allerton v. Sprint Nextel Corporation, Case No. 2:09-cv-01325-RLH-GWF, Order (#33), filed November 16, 2009 (granting an opt-in period of 60 days); *Lewis v. Nevada Property 1, LLC*, 2013 WL 237098, \*16 (D.Nev. Jan. 22, 2013) (granting opt-in period of 90 days).  In Small v. University Medical Center, Case No. 2:13-cv-00298-APG-PAL, the Court approved a stipulated notice period of 75 days. *See Dkt. Nos. 114 and 116.  See also Kiser v. Pride Communications, Inc.*,

2011 WL 3841021, at *1 (approving 60 day opt-in period); *Cranney v. Carriage Services, Inc.*, 2008 WL 608639, *5 (D.Nev. Feb. 29, 2008) (approving opt-in period of 120 days which may have been unopposed by defendant); and *Phelps v. MC Communications*, 2011 WL 3298414, *6 (D.Nev. Aug. 1, 2011) (granting 90 day opt-in period).

In support of a 60 day opt-in period, Defendant asserts that the pool of potential opt-in plaintiffs is approximately 255 current and former employees, more than half of whom still work for the Riverside or are believed to still reside in Laughlin/Bullhead City area. *Opposition* (ECF no. 59), at 8-9. Defendants have not provided evidence to support this estimation. Given the length of time this case has been stayed, there is reason to believe that class members may be more dispersed and that some additional time may be needed to ensure that former employees receive notice and have an opportunity to return consents within the authorized time period. An opt-in period of 120 days, however, is probably more time than necessary. The Court will authorize an opt-in period of ninety (90) days.

### III. Mailing and Posting of Notice.

Plaintiff requests that her counsel be provided with the names and last known street/post office box addresses, email addresses, and telephone numbers of all the potential class members. Plaintiff also requests that the notice and consent forms be posted in an area in Defendant's premises where it will be conspicuous to current employees who are potential members of the class, and that it also be published in the employee newsletter, if one exists. Plaintiff also requests that Defendants be required to email the notice and consent form to the potential class members. Defendants oppose Plaintiff's request that the notice and consent forms be posted in Defendants' premises or included in the newsletter, or that Defendants be required to email the notices to potential class members.

Some decisions in this district have required the posting of the notices in the defendant's workplace. Others have not. *See Schemkes v. Presidential Limosine*, 2011 WL 868182, *5 (D.Nev. March 10, 2011) (ordering posting) and *Phelps v. MC Communications*, 2011 WL 3298414, at *6 (refusing to order posting). The court in *Phelps* stated that there was no indication that service by first class mail or email would be ineffective because the defendant presumably

had correct addresses for its current employees. On the other hand, posting would not likely notify former employees. *Id.* at *5. There is no reason to believe that Defendants are unable to provide accurate mailing addresses and/or email addresses for their current employees. Therefore, the Court will not require the posting of the notice on Defendants' premises or in an employee newsletter.

The Court will not require that Defendants email the notice and consent forms to potential class members. The Court will, however, authorize Plaintiff to send notice to potential class members by first class mail and email. Although some courts have disapproved the use of email because of concerns about potential modification and distortion of the notice, *see Espendscheid v. DirecStat USA, LLC*, 2010 WL 2330309, *15 (W.D.Wis. June 7, 2010), the court in *Phelps* stated that "[e]mail is an efficient, reasonable, and low cost supplemental form of notice, particularly where the Defendants may lack current physical mailing address information for its former employees." *Id.* at *6. The sending of notice by email does not constitute a significantly greater intrusion on the privacy of employees or former employees than does regular mail. Many people now conduct their business and personal affairs on the internet via email or other forms of electronic communication, rather than via paper documents and the U.S. Postal Service. The Court will, therefore, order Defendants to provide Plaintiff's counsel with both the last known street or post office box mailing addresses and email addresses of former and current employees within the defined class. Plaintiff may send the notice and consent forms to potential class members by regular first class mail and/or by email.

Defendants are also ordered to provide the last known telephone numbers of potential class members to Plaintiff's counsel. Telephone numbers will facilitate necessary communication with individuals who return consents and opt-in to this action. The initial contact with potential class members, however, shall be made by sending the Court approved written notice. In those cases where a notice is returned due to incorrect address information, Plaintiff may attempt to contact the potential class member by telephone solely to obtain a current address for mailing the notice. Plaintiff and his representative shall not communicate

10

with potential class members about the lawsuit or contents of the notice prior to delivering the written to them notice by first class regular mail or email.

Plaintiff and his representatives shall only communicate with potential class members in regard to their participation as collective action plaintiffs in this lawsuit. They shall not provide the potential class members' address, email and telephone information to any person who is not participating in this action, or for any purpose other than the pursuit of this lawsuit.

**IV. Form of Notice.**

The form of notice attached to Plaintiff's motion as Exhibit 2 generally conforms to the form of notice approved by the Court in other cases. It also defines the class in accordance with the class conditionally certified by this order. The notice, however, will have to be modified to conform to other provisions of this order.

Defendants request that the notice inform prospective class members of their potential obligation to participate in discovery or to testify at trial. The court in *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 450 (S.D.N.Y. 2011), stated that courts in that district routinely accept language requiring the notice "to inform potential plaintiffs that if they opt-in, they *may* be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial." *See also Behnken v. Luminant Min. Co., LLC*, 997 F.Supp.2d 511, 524-25 (N.D.Tex. 2014) (notice should include information regarding possible obligation to respond to written discovery, appear for deposition or testify at trial); *Mitchel v. Crosby Corp.*, 2012 WL 4005535, *7 (D.Md. Sept. 10, 2012) (same); *Byard*, 287 F.R.D. at 374 (same); *Pack v. Investools, Inc.*, 2011 WL 5325290, *4 (D. Utah Nov. 3, 2011) (same), and *Phelps,* 2011 WL 3298414 at *7 (same). The inclusion of such language in the notice will be helpful to recipients in understanding their obligations if they join the lawsuit. Such a statement should not deter individuals who want to recover their unpaid wages from participating in the case. The following statement shall therefore be added at the end of the section entitled "LEGAL EFFECT OF JOINING THIS SUIT:"

> By joining this case, you may be required to respond to written discovery, appear for a deposition or testify at trial.

Defendants also request that the notice inform the recipients that by joining the lawsuit, they may be liable for payment of court costs to the Defendants if Plaintiffs do not prevail in the action. The cases from other districts are split on whether it is proper to include such a statement in the notice. *See Byard.*, 287 F.R.D. at 374-75, citing cases pro and con. In *Phelps*, 2011 WL 3298414 at *7, the court noted that attorney's fees may only be awarded to a defendant in an FLSA action if the plaintiff litigates in bad faith. The court found that the remote possibility of such an award did not support inclusion of the requested language and only served to discourage collective action members from joining the suit. In *Green v. Executive Coach and Carriage*, 895 F.Supp.2d 1026, 1030 (D.Nev. 2012), the court agreed with the line of cases stating that the inclusion of such information in the notice is not proper because it "'may have an *in terrorem* effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree.'" *Id.* (quoting *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007)). *See also Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d at 451. This Court will follow *Phelps* and *Green*, in declining to require that such language be included in the notice.[2]

Although not raised by Defendants, the notice shall not indicate that it bears the signature of the District Judge or Magistrate Judge which could suggest that the Court has made a decision on the merits of the action.

**V. Equitable Tolling.**

Plaintiff requests that the running of the statute of limitations be tolled during the time the instant motion is pending, as well as for the previous period of time the case was stayed pursuant to the agreement of the parties. Federal courts have applied equitable tolling in two situations: (1) When the plaintiffs are prevented from asserting their claims by some wrongful conduct on the part of the defendant; or (2) when extraordinary circumstances beyond plaintiffs' control make it impossible to file the claims on time. *Davis*, 2009 WL 102735, at *14 (citing *Alvarez-*

---

[2] Plaintiff's attorneys have an ethical obligation to inform their clients of the adverse risks of litigation. After individuals have opted-in to this case, counsel should inform them of any costs they may be responsible to pay in the event of an adverse outcome, and of their right to withdraw from the litigation if they so choose.

12

*Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). There is no evidence that Plaintiff or any potential opt-in plaintiff has been prevented from asserting his or her claims by any wrongful acts of the Defendants.

Courts have declined to toll the statute of limitations where the defendant has filed a nonfrivolous opposition to the motion for conditional certification of the FLSA class. *Davis,* 2009 WL 102735 at *14; *Phelps*, 2011 WL 3298414, at *8 (tolling not warranted); *Williams v. Trendwest Resorts, Inc.*, 2006 WL 3690686, *8 (D. Nev. Dec. 7, 2006) (tolling not warranted); and *Lewis v. Nevada Property 1*, 2013 WL 237098, *14-15 (D.Nev. Jan. 22, 2013). In *Phelps*, the court stated that "the fact that Defendants opposed the motion to circulate notice did not, in and of itself, preclude any potential plaintiff from asserting his or her claim." 2011 WL 3298414, at *8. Defendants' opposition to conditional certification in this case is not frivolous. They have also raised legitimate issues regarding the form of the notice, the sending of notice, and the opt-in period. Tolling the statute of limitations for the reasons commonly recognized by the courts is not warranted in this case.

The court's delay in deciding a motion for conditional certification, or the potential delay in providing the information needed to send notice to the class members may justify some tolling of the statute of limitations. In *Lucas v. Bell Trans*, 2010 WL 3895924, *5 (D. Nev. Sept. 30, 2010), the court granted equitable tolling of the statute of limitations for the time period caused by the court's delay in ruling on the motion. In *Small v. University Medical Center*, 2013 WL 3043454, *3-4 (D.Nev. 2013), the court, relying on *Adams v. Inter-Con Security Systems, Inc.*, 242 F.R.D. 530, 543 (N.D.Cal. 2007), tolled the statute of limitations from the date that plaintiff's motion became ripe for decision through the date that defendant provided the names and addresses of the class members to the plaintiff. The court stated that defendant's motion was ripe for decision thirty days after it was filed, but it was not decided until another three months. In tolling the statute for that three month period, the court stated that defendant would not be prejudiced because it knew the scope of its potential liability from when the complaint was filed and was also aware of plaintiff's objective to join all employees within the conditionally certified class as parties to the action. *Small,* 2013 WL 3043454 at *4.

In this case, Plaintiff's motion for circulation of notice was filed on August 8, 2018 and was fully briefed and ripe for decision by September 7, 2018. The last order extending the stay of this action and tolling the statute of limitations expired on September 28, 2018. *See Order* (ECF No. 56). Thus, an order denying further tolling of the statute of limitations would only cause the statute to run for a period of less than a month. There is no legitimate reason to deny tolling for this brief period of time—which can be attributed to the Court's delay, albeit reasonable, in rendering a decision on the motion. The running of the statute of limitations is therefore tolled from July 22, 2013 through the date of this order. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Lift Stay (ECF No. 57) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(b) and for Other Relief (ECF No. 58) is **granted** as follows:

1. The Court conditionally certifies an FLSA collective action class consisting of all (A) current or former casino table games dealers employed by defendants at the Riverside Resort and Casino in Laughlin, Nevada; (B) who performed such work after May 5, 2011; and (C) who, as a condition of their employment, were required to share tips with the Non-Tipped Employees.

2. The Court authorizes the sending of the written "Notice of Pendency of Collective Action Lawsuit Under the Fair Labor Standards Act" (hereinafter "Notice") in accordance with the form attached as Exhibit B to Plaintiff's Motion (ECF NO. 58), subject to modification as required by this order. The Notice shall include an opt-in period of ninety (90) days; shall inform the recipients of their obligation to participate in discovery or appear at trial if they opt-in; and shall not include the signature of the District Judge or Magistrate Judge. Plaintiff shall file the revised Notice form with the Court Clerk within ten (10) days of the date of this order.

3. Plaintiff and Defendants shall also agree on an approved consent form to be signed by the class members who wish to participate in the action and shall file a copy of the consent form with the Court. If the parties cannot agree on the consent form, then it should be promptly addressed with the Court.

4. Defendants shall provide Plaintiff's counsel with the names and last known mailing addresses, email addresses, and telephone numbers of the potential collective action class members within thirty (30) days from the date of this order. The date for providing such information may be extended pursuant to stipulation of the parties and/or by order of the Court upon a motion for good cause shown.

5. Plaintiff shall send the Notice to the potential collective action class members within fourteen (14) days after receiving the contact information from Defendants. Plaintiff shall also promptly file a statement with the Court Clerk certifying the date that the Notice was sent to the potential class members.

6. Plaintiff is required to file with the Court Clerk all Consents to Join Pursuant to 29 U.S.C. §216(b) within ninety (90) days from the date that the Notice was sent to the collective action class members. Any individual on whose behalf a Consent is filed after the expiration of the deadline shall not be allowed to participate as a plaintiff in this action, unless for good cause shown, the Court enters an order permitting the individual to participate.

7. The running of the statute of limitations on the claims of potential collective action class members shall be tolled from July 22, 2013 through the date this Order is filed.

DATED this 23rd day of October 2018.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**