KAMER ZUCKER ABBOTT
Gregory J. Kamer       #0270
Edwin A. Keller, Jr.    #6013
R. Todd Creer          #10016
Kaitlin H. Paxton      #13625
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel: (702) 259-8640
Fax: (702) 259-8646
gkamer@kzalaw.com
ekeller@kzalaw.com
tcreer@kzalaw.com
kpaxton@kzalaw.com

Attorneys for Defendants Riverside Resort
and Casino, Inc., The Donald J. Laughlin
Family Trusts, and Donald J. Laughlin

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT NORSOPH, Individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br>vs.<br><br>RIVERSIDE RESORT AND CASINO, INC., THE DONALD J. LAUGHLIN FAMILY TRUSTS and DONALD J. LAUGHLIN as the sole trustee and beneficiary of such trusts, and DONALD J. LAUGHLIN, Individually,<br><br>             Defendants. | Case No. 2:13-cv-00580-APG-GWF<br><br>**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Pursuant to Fed. R. Civ. P. 12(c) and 12(h)(2), Defendants Riverside Resort and Casino, Inc. ("the Riverside" or "the Company"), The Donald J. Laughlin Family Trusts, and Donald J. Laughlin (collectively "Defendants"), by and through their counsel of record, the law firm of Kamer Zucker Abbott, hereby file this Motion for Judgment on the Pleadings. As set forth below, the material facts are not in dispute between the parties, leaving only issues of law, such that a judgment on the merits should be rendered in favor of the Defendants.

This Motion is based upon the pleadings and papers on file herein, the attached memorandum of points and authorities, and any argument this Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**.

Plaintiff Robert Norsoph ("Plaintiff"), filed the instant Complaint on April 4, 2013 alleging violations of the Fair Labor Standards Act ("FLSA") premised on the amended tip pooling regulations (29 C.F.R. § 531.52 and §531.54) issued by the U.S. Department of Labor ("DOL") effective May 5, 2011 ("2011 Regulations"). Complaint (ECF No. 1) at ¶¶ 12 -15. Given the similarities between Plaintiff's single theory of recovery in this case based on the DOL's 2011 Regulations and two other cases that found the DOL's 2011 Regulations to be invalid, which were on appeal to the U.S. Court of Appeals for the Ninth Circuit (and later before the United States Supreme Court for consideration of petitions for *certiorari*), Oregon Res. & Lodging Assoc. v. Solis ("Oregon Restaurant") and Cesarz v. Wynn Las Vegas, LLC ("Cesarz"),[1] the parties stipulated to stay this matter pending the outcome of those cases. See Stipulation and Request to Stay (ECF No. 20); Order Staying Case (ECF No. 21); Joint Status Report of 1/22/14 (ECF No. 22) at ¶9.

During the course of the stay of this matter, the DOL admitted it lacked statutory authority for the 2011 Regulations at issue here. See Brief for Respondents at 11, Nat'l Rest. Ass'n v. Dept. of Labor, No. 16-920, (U.S. May 22, 2018), 2018 WL 2357725, at *11. Moreover, the United States Congress passed the 2018 Consolidated Appropriations Act rescinding the DOL's 2011 Regulations and specifically providing that they "shall have no further force or effect." Consolidated Appropriations Act, 2018 (H.R. 1625), Pub. L. 115-141, Div. S, Tit. XII, § 1201(c), 132 Stat. 348, 1149

---

[1] See Oregon Rest. & Lodging Ass'n v. Solis, 948 F. Supp. 2d 1217, 1226 (D. Or. 2013) and Cesarz v. Wynn Las Vegas, LLC, No. 2:13-CV-00109-RCJ, 2014 WL 117579, at *3 (D. Nev. Jan. 10, 2014), consolidated on appeal and rev'd, Oregon Rest. & Lodging Ass'n v. Perez, 816 F. 3d 1080 (9th Cir. 2016), reh'g and reh'g *en banc* denied, 843 F.3d 355 (9th Cir. 2016).

(2018). In the wake of the mooting effects of the DOL's concessions and Congress' nullification of the 2011 Regulations, the Supreme Court denied the petitions for certiorari in the Oregon Restaurant and Cesarz cases.[2]

Subsequently, upon the Cesarz case's return to the United States District Court for the District of Nevada, it was dismissed pursuant to a Rule 12(b)(6) motion given Congress' prohibition on the 2011 Regulations from having any further force and effect. Order at 2-3 (ECF No. 153), Cesarz v. Wynn Las Vegas, LLC, 2:13-cv-00109-RJC-CWH, 2019 WL 237389, at *2-3 (D. Nev. Jan. 16, 2019) (Jones, J.). The Court in Cesarz also found that even if Congress had not nullified the 2011 Regulations, the deference to the DOL upon which the Ninth Circuit Court rested its decision in Oregon Restaurant, 816 F.3d 355 (9th Cir. 2016) now mandates a contrary result given the DOL's explicit rejection of its prior interpretation of the relevant provisions of the FLSA and admission that it had no statutory authority to adopt the 2011 Regulations. Id. at 3-5, 2019 WL 237389 at *2.

As with the Cesarz case, given Congress' nullification of the 2011 Regulations, along with the DOL's admissions that it lacked the statutory authority to issue the same, there is no legal basis for Plaintiff's claims and the Defendants are entitled to a judgment on the pleadings in their favor.

## II. FACTUAL AND PROCEDURAL BACKGROUND.

### A. The Plaintiff's Complaint and Theory of Recovery Rest Entirely on the DOL's 2011 Regulations.

In the present matter, on his behalf and on behalf of other similarly-situated table games dealers at the Riverside Resort and Casino, Plaintiff alleges the Defendants failed to utilize a tip pool structured in compliance with the FLSA, which resulted in violations of Sections 203(m) and 206 of the FLSA and the DOL's 2011 Regulations. Complaint at ¶¶ 12, 15. As admitted by the Plaintiff in

---

[2] See National Rest. Ass'n v. U.S. Dep't of Labor, (Oregon Rest. & Lodging), 138 S. Ct. 2697 (Mem), 2018 WL 3096374 (U.S. June 25, 2018); Wynn Las Vegas LLC v. Cesarz, 138 S. Ct. 2670 (Mem), No. 16-163, 2018 WL 3096373 (U.S. June 25, 2018).

the various joint status reports filed during the stay of this matter, "Plaintiff's theory of recovery in this case is based entirely on a finding of applicability of the FLSA to tip pools in which a tip credit is not taken, pursuant to the Department of Labor regulations."[3] He claims the Defendants have required table game dealers, as a condition of employment, to pool and share tips with other employees who do not customarily and regularly receive tips in a manner that violates the FLSA.  Complaint at ¶ 13.  Quite creatively, but without support, Plaintiff articulates the additional legal conclusion that, because the tip pool policies at issue result in the taking of a portion of tips in excess of what he is "nominally" paid in wages, the Defendants have "effectively failed to pay any wages whatsoever to the plaintiff."  Id. at ¶ 14.  For these asserted violations, the Plaintiff seeks monetary damages, attorney's fees, and costs.  Id. at ¶ 15.

### B. The FLSA's Restrictions on Tip Pools by Employers Who Take a Tip Credit.

Section 203(m) of the FLSA defines the term "wage" and specifies what an employer may count towards its minimum-wage obligations under Section 6(a) of the Act. 29 U.S.C. § 203(m) (2018). Prior to March 22, 2018, Section 203(m) provided the following:

> "Wage" paid to any employee includes the reasonable cost, as determined by the Administrator, to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employees: Provided, That the cost of board, lodging, or other facilities shall not be included as a part of the wage paid to any employee to the extent it is excluded therefrom under the terms of a bona fide collective-bargaining agreement applicable to the particular employee: *Provided further*, That the Secretary is authorized to determine the fair value of such board, lodging, or other facilities for defined classes of employees and in defined areas, based on average cost to the employer or to groups of employers similarly situated, or average value to groups of employees, or other appropriate measures of fair value. Such evaluations, where applicable and pertinent, shall be used in lieu of actual measure of cost in determining the wage paid to any employee. In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—

---

[3] See e.g., Joint Status Report of 1/22/14 (ECF No. 22) at ¶9; Joint Status Report of 2/19/15 (ECF No. 27) at ¶9; Joint Status Report of 6/1/16 (ECF No. 35) at ¶7; Joint Status Report of 1/5/17 (ECF No. 41) at ¶7; Joint Status Report of 5/31/18 (ECF No. 55) at ¶6.

> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
>
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m) (2014). As amended in 1974, Section 203(m) allows an employer to pay only a portion of the minimum wage in cash and to count "tips actually received by [the] employee" toward the remainder - taking what is commonly called a "tip credit." See id.; Fair Labor Standards Amendments of 1974 (S. 2747), Pub. L. 93-259, §13(e), 86 Stat. 375 (1974); Cumbie v. Woody Woo, Inc., 596 F.3d 577, 580-81 (9th Cir. 2010) ("Cumbie") (analyzing dense statutory language of FLSA Section 203(m) sentence by sentence). As quoted above, until further amended in March 2018, Section 203(m) stated that the "preceding 2 sentences" authorizing a tip credit "shall not apply with respect to any tipped employee unless" two conditions are met: (1) the "employee has been informed by the employer of the provisions of [Section 203(m)]" (the notification requirement); and (2) "all tips received by [the] employee have been retained by the employee" (the tip-retention requirement). 29 U.S.C. § 203(m) (2014). The tip-retention requirement, however, "shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips." Id.

**C.**   **The Ninth Circuit's Review of the FLSA's Tip Credit Restrictions.**

In 2010, the Ninth Circuit Court held that the FLSA's restrictions on tip pools went hand-in-hand with the employer's taking of a tip credit. See Cumbie, 596 F.3d 577, 580-81 (9th Cir. 2010). Thus, an employer who did not take a tip credit was not subject to the tip pooling restrictions. Id. at 583. In direct response to the Cumbie decision and comments provided in accordance with a 2008

notice of proposed rulemaking, the DOL issued its 2011 Regulations in an attempt to circumvent the clear language of the statute. Specifically, the DOL's regulations were updated to state:

> Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section 3(m).

29 C.F.R. § 531.52 (2011); Final Rule, Updating Regulations Issued Under the Fair Labor Standards Act, 76 Fed. Reg. 18,832, 18,855 (Apr. 5, 2011) (effective May 5, 2011).

### D.     The Ninth Circuit's Review of the DOL's 2011 Regulations.

In 2016, the Ninth Circuit, again, analyzed the validity of tip pools where the employers do not take tip credits in Oregon Restaurant, 816 F.3d 1080 (9th Cir. 2016). Two cases, Oregon Restaurant and Cesarz, were consolidated for oral argument and decision after both district court judges struck down the 2011 Regulations and found the tip pools at issue were valid based on clear language of the statute. See Oregon Restaurant, 948 F. Supp. 2d 1217, 1226 (D. Or. 2013) (finding "there was no room for agency discretion and the intent of Congress is clear"); Cesarz, No. 2:13-CV-00109-RCJ, 2014 WL 117579, at *3 (D. Nev. Jan. 10, 2014) ("The DOL may not read the tip credit condition out of the statute via its regulations."). The Ninth Circuit Court, in a divided panel, disagreed with the lower courts and found that Chevron deference required adherence to the DOL's 2011 Regulations. According to the panel majority, the DOL reasonably exercised its rulemaking authority to create a substantive right to tips out of the FLSA's "clear silence." Oregon Restaurant, 816 F.3d at 1086-90. Judge N.R. Smith dissented. Id. at 1091. Agreeing with the lower courts, Judge Smith pointed out that the Ninth Circuit Court in Cumbie had already held "section 203(m) is clear and unambiguous," leaving no room for agency regulation of tip pools in circumstances when employers do not take tip credits. Id. at 1093.

The plaintiffs in the Oregon Restaurant and Cesarz cases timely petitioned for panel or *en banc* rehearing. Although a rehearing was denied, ten (10) judges joined in a powerful dissent in the denial.

See Oregon Restaurant, 843 F.3d 355, 356-65 (9th Cir. 2016) (O'Scannlain, J., dissenting).[4] The Ninth Circuit Court stayed its mandate while the parties pursued further review from the Supreme Court. See Order, Cesarz v. Wynn Las Vegas LLC, No. 14-15243 (Dkt. No. 62) (9th Cir. Sept. 9, 2016).

### E. The DOL Concedes That the 2011 Regulations Conflicted with the FLSA.

In December 2017, the DOL issued a notice of proposed rulemaking (NPRM) explaining that, "[a]fter considering the ORLA[5] rehearing dissent and the Tenth Circuit's decision in Marlow[ v. New Food Guy, Inc., 861 F.3d 1157 (10th Cir. 2017)], both of which state that the DOL's 2011 Final Rule exceeded the agency's authority under section 3(m)," the DOL was "seriously concerned that it incorrectly construed the [FLSA] in promulgating the tip credit regulations" in 2011. Proposed Regulations, Tip Regulations Under the FLSA, 82 Fed. Reg. 57,395, 57,395-96 (proposed Dec. 5, 2017). Moreover, "[t]he Department [had] independent and serious concerns about those regulations as a policy matter," in that they prevented tip sharing among "restaurant cooks, dishwashers, and other traditionally lower-wage job classifications." Id. at 57,399. The DOL announced it would rescind

---

[4] Of particular note, Judge O'Scannlain observed:

> As every novice learns, the official theory of the administrative state begins from the premise that "the lawmaking function belongs to Congress ... and may not be conveyed to another branch or entity." Loving v. United States, 517 U.S. 748, 758, 116 S. Ct. 1737, 135 L.Ed.2d 36 (1996). Agency rulemaking respects that constraint so long as it remains guided by an "intelligible principle" supplied by Congress. E.g., City of Arlington v. FCC, ─── U.S. ───, 133 S. Ct. 1863, 1873 n.4, 185 L.Ed.2d 941 (2013). But the panel majority would effectively vaporize even that flimsy constraint by holding that an agency need not justify a given rule by tracing it to a valid statutory grant of authority; instead, it need only demonstrate that Congress has not affirmatively voiced opposition to the rule in question. The majority's vision makes a fear of "delegation running riot" look quaint by comparison, A.L.A. Schechter Poultry Corp. v. United States, 295 U.S. 495, 553, 55 S. Ct. 837, 79 L.Ed. 1570 (1935) (Cardozo, J., concurring), for it would dispense with even the pretense of delegation altogether.

Oregon Restaurant, 843 F.3d at 360 n. 3 (O'Scannlain, J., dissenting).

[5] Oregon Restaurant, 843 F.3d 355 (9th Cir. 2016).

1  "portions of its tip regulations . . . that impose restrictions on employers that pay a direct cash wage

2  of at least the full federal minimum wage and do not seek to use" a tip credit. Id. at 57,395.

3  Three months later, on March 6, 2018, the Secretary of Labor testified before the House

4  Appropriations Committee's Subcommittee on Labor, Health and Human Services, and Education.

5  See Brief for Respondents at 11, Nat'l Rest. Ass'n v. Dept. of Labor, No. 16-920, (U.S. May 22, 2018),

6  2018 WL 2357725, at *12. The Secretary testified that he "found persuasive" what "the Tenth Circuit

7  had made clear in Marlow,"[6] "that the Department lacked statutory authority for its 2011 regulations

8  at issue here." Id. Any regulation of the tip-pooling practices of employers who do not take a tip

9  credit, the Secretary said, would require further legislation. Id.[7]

### F.  Congress Amends the FLSA and Nullifies the 2011 Regulations.

11  In response to the above developments, Congress amended the FLSA in March 2018 to give

12  the DOL *limited authority* to regulate the tip-pooling practices of employers who do not take a tip credit.

13  Consolidated Appropriations Act, 2018 (H.R. 1625), Pub. L. 115-141, Div. S, Tit. XII, § 1201(c), 132

14  Stat. 348, 1149 (2018) ("2018 FLSA Amendments"). It amended Section 203(m) of the FLSA to

15  prohibit certain kinds of tip pools, even if an employer pays tipped employees the full minimum wage.

16  Specifically, the added language states that "[a]n employer may not keep tips received by its employees

---

[6] Marlow v. New Food Guy, Inc., 861 F.3d 1157, 1164 (10th Cir. 2017) (finding the DOL lacked power to enact 2011 Regulations as Section 203(m) clearly "limits the tip restrictions . . . to those employers who take the tip credit.").

[7] Subsequently, on May 22, 2018, in briefing before the Supreme Court, the DOL and the U.S. Department of Justice ("DOJ") admitted that the DOL's 2011 Regulations were "incorrect," "exceed[ed] the Department's statutory authority," and "cannot be squared with the statutory text or historical background. Id. at 13, 17, 2018 WL 2357725, at *13, 17. In addition, both the DOL and DOJ conceded to the Supreme Court, the fact that Congress, via the 2018 Consolidated Appropriations Act, created new express prohibitions on employers from keeping any portion of their employees' tips regardless of whether or not they take a tip credit demonstrates that the FLSA did not previously prohibit such tip pools in the absence of a tip credit. Id. at 25-27, 2018 WL 235775, at *25-26.

for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Id. at Div. S, Tit. XII, § 1201(a); 29 U.S.C. § 203(m)(2)(B). Congress also invalidated the 2011 Regulations on which Plaintiff relies by providing that "[t]he portions of the [2011] final rule" that are at issue in the instant case "shall have no further force or effect until any future action taken by the Administrator of the [Department's] Wage and Hour Division." Id. at Div. S, Tit XII, § 1201(c).

Thereafter, the DOL acknowledged the 2018 FLSA Amendments render its 2011 Regulations at issue in this case null and void. On April 6, 2018, the DOL lifted its earlier "non-enforcement policy concerning" the 2011 Regulations but stated it will only enforce the *new* statutory restrictions on tip pools for the period March 23, 2018 onward. DOL Field Assistance Bulletin No. 2018-3 (Apr. 8, 2018), available at www.dol.gov/whd/FieldBulletins/fab2018_3.htm (last accessed Feb. 2, 2019). The DOL will not enforce the 2011 Regulations, even for tip pools in place before March 23, 2018. Id.

**G.    The Supreme Court Declines Review and the District Court for Nevada Dismisses the *Cesarz* Case.**

After the 2018 FLSA Amendments' invalidation of the 2011 Regulations and the DOL's acknowledged lack of statutory authority for the same, the Supreme Court denied certiorari in the Oregon Restaurant and Cesarz cases on June 25, 2018.[8] The Ninth Circuit's mandate did not issue until that same day. See Mandate (Dkt. No. 69), Oregon Restaurant, No. 14-15243, 816 F.3d 1080 (9th Cir. Jun. 25, 2018).

Upon the Cesarz case's return to the United States District Court for the District of Nevada, it was dismissed pursuant to a Rule 12(b)(6) motion given Congress's prohibition on the 2011

---

[8] See National Rest. Ass'n v. U.S. Dep't of Labor, (Oregon Rest. & Lodging), 138 S. Ct. 2697 (Mem), 2018 WL 3096374 (U.S. June 25, 2018); Wynn Las Vegas LLC v. Cesarz, 138 S. Ct. 2670 (Mem), No. 16-163, 2018 WL 3096373 (U.S. June 25, 2018).

Regulations from having any further force and effect. Order at 2-3 (ECF No. 153), Cesarz v. Wynn Las Vegas, LLC, 2:13-cv-00109-RJC-CWH, 2019 WL 237389 (D. Nev. Jan. 16, 2019) (Jones, J.). The Court in Cesarz also found that even if Congress had not nullified the 2011 Regulations, the deference to the DOL upon which the Ninth Circuit Court rested its decision in Oregon Restaurant now compels a contrary result given the DOL's explicit rejection of its prior interpretation of the relevant provisions of the FLSA and admission that it had no statutory authority to adopt the 2011 Regulations. Id. 3-5, 2019 WL 237389 at *2.

### III.   **LEGAL STANDARDS**.

According to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).

Motions raised under Fed. R. Civ. P. 12(b)(6) and 12(c) are "functionally equivalent" such that "'the same standard of review' applies to motions brought under either rule." U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011 (quoting Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989)). Accordingly, as with motions to dismiss, courts will assess the allegations in a complaint under the plausibility standard articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) when reviewing a motion for judgment on the pleadings. Cafasso, 637 F.3d at 1054 n.4. When applying the plausibility standard, courts are not required to accept as true a legal conclusion couched as a factual allegation. Iqbal, 556 U.S. at 678. Moreover, when assessing the plausibility of an inference, courts draw on their judicial experience and common sense and consider obvious alternative explanations. Cafasso, 637 F.3d at 1056.

A court may take judicial notice of matters of public record without converting a Rule 12 motion into one for summary judgment. United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008). Materials from another court's proceedings are appropriate for judicial notice. Biggs v. Terhune, 334 F.3d 910, 915 n.3 (9th Cir. 2003), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010).

## IV. LEGAL ANALYSIS.

### A. The Court Is Compelled to Dismiss Plaintiff's Complaint As the 2011 Regulations No Longer Have Any Force or Effect Pursuant to the 2018 Consolidated Appropriations Act.

Plaintiff's entire Complaint is based on the DOL's 2011 Regulations, which have been rescinded and stripped of enforceability by Congress. Indeed, when it amended Section 203(m) of the FLSA, Congress specifically stated the 2011 Regulations "shall have no further force or effect." Pub. L. 115-141, Div. S, Tit. XII, § 1201(c). Because Plaintiff can no longer rely on the 2011 Regulations, his claims should be dismissed with prejudice and judgment should be granted in Defendants' favor.

While the amendment itself does not define the term "no further force or effect," a consistent interpretation in this Circuit is that the regulation no longer exists, as if it never existed. See e.g., Pub. Util. Dist. No. 1 of Snohomish Cty., Wash. v. Bonneville Power Admin., 506 F.3d 1145, 1150 (9th Cir. 2007) ("[I]f any of its provisions were held void, then the underlying agreement in effect prior to the 2004 Amendments would apply and the provisions of the 2004 Amendments would have no further force or effect . . . ."); United States v. Tacoma Gravel & Supply Co., 376 F.2d 343, 344 (9th Cir. 1967) (when something "has no further force or effect—it ceases to exist."); CR of Rialto, Inc. v. City of Rialto, 975 F. Supp. 1254, 1262-63 (C.D. Cal. 1997) (enjoining enforcement of a zoning ordinance in a pending case because, pursuant to statute, it had "no further force or effect"). Further, Congress's use of the word "no" is significant, as "no" is "clear and broad" and "does not permit . . .

except[ions]." See Harris v. Garner, 216 F.3d 970, 985 (11th Cir. 2000) (*en banc*); see also United Food & Commercial Workers Union, Local 1119 v. United Mkts., Inc., 784 F.2d 1413, 1415 (9th Cir. 1986) (defining "no" as "not any"). Indeed, as stated in the Order dismissing the Cesarz case, the Court is bound by Congress's use of the phrase "no further force or effect" and is unable to enter any judgment for damages based on the now defunct 2011 Regulations because to do so would be permitting them to have a further effect. Order at 2-3 (ECF No. 153), Cesarz, 2019 WL 237389, at *2-3 (D. Nev. Jan. 16, 2019) (Jones, J.).

Moreover, this common-sense interpretation of "no further force or effect" is reflected in the Rules Enabling Act – when the Federal Rules of Civil Procedure are amended, the new rules apply even to pending cases because the prior rules "have no further force or effect." 28 U.S.C. § 2072 (The Rules Enabling Act); see John R. Alley & Co. v. Fed. Nat'l Bank of Shawnee, Shawnee Cty., Okl., 124 F.2d 995, 997-98 (10th Cir. 1942). Because Congress expressly provided that "[t]he portions of the [2011] final rule" at issue in this case "shall have no further force or effect until any future action taken by the Administrator of the [Department's] Wage and Hour Division," Pub. L. 115-141, Div. S, Tit. XII, § 1201(c), this Court cannot give the 2011 Regulations "effect" by using them to create liability in this case. Thus, if the Court views the 2011 Regulations as if they never existed, there are no regulations to which courts can provide deference and the clearly-expressed statute, both in its prior and current state, is what remains in force. Because Defendants did not take a tip credit, they have not been in violation of Section 203(m).

The DOL has similarly interpreted the phrase "no further force or effect" to mean the 2011 Regulations no longer exist for purposes of enforcement or liability as the DOL is no longer pursuing claims involving tip pools in place prior to the date of the amendment, and current investigations will only explore violations under the amendment. See Dep't of Labor, Field Assistance Bulletin No. 2018-3, at https://www.dol.gov/whd/FieldBulletins/fab2018_3.htm (last visited Feb. 2, 2019); see

also Brief for Respondents at 25, Nat'l Rest. Ass'n v. Dept. of Labor, No. 16-920, (U.S. May 22, 2018), 2018 WL 2357725, at *24-25 (acknowledging that "no further force or effect" language in statute means that regulations at issue in Wynn case are not operative).

### B. The 2018 FLSA Amendments Confirm That the FLSA Did Not Previously Prevent Tip Pooling Where Employers Did Not Take a Tip Credit.

The 2018 FLSA Amendments confirm that the FLSA had not previously placed any restrictions on the use of tip pools for employers who did not take a tip credit. The new version of the FLSA states that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Pub. L. 115-141, Div. S, Tit. XII, § 1201(c), 132 Stat. 348, 1149 (29 U.S.C. § 203(m)(2)(B)). As the Department of Labor acknowledged, the creation of this "express prohibition" demonstrates that the prior version of the FLSA did not prohibit such tip pools in the absence of a tip credit. Brief for Respondents at 25, Nat'l Rest. Ass'n v. Dept. of Labor, No. 16-920, (U.S. May 22, 2018), 2018 WL 2357725, at *25. If the FLSA already meant what the now-repudiated 2011 Regulations claimed, this added language would be superfluous. Yet courts "must give effect to every word that Congress used in [a] statute." Lowe v. SEC, 472 U.S. 181, 207 n.53 (1985). Thus, the "limited nature" of the pre-2018 FLSA "is confirmed by [the] subsequent congressional enactment[]." Amoco Prod. Co. v. S. Ute Indian Tribe, 526 U.S. 865, 877 (1999).

### C. Deference to the DOL's Rejection of Its Prior Interpretations and Admission That It Lacked Statutory Authority to Adopt the 2011 Regulations Requires Dismissal of the Plaintiff's Complaint.

Even if Congress had not nullified the 2011 Regulations, the deference to the DOL upon which the Ninth Circuit Court rested its decision in Oregon Restaurant now mandates a contrary result given the DOL's explicit rejection of its prior interpretation of the relevant provisions of the FLSA and admission that it had no statutory authority to adopt the 2011 Regulations. See Rust v. Sullivan, 500 U.S. 173, 186–87 (1991) (noting prior rejection of argument that agency's interpretation

is not entitled to deference because it represents a sharp break with prior interpretations; revised interpretation deserves deference because initial agency interpretation is not instantly carved in stone); see Order at 2-3 (ECF No. 153), Cesarz v. Wynn Las Vegas, LLC, 2019 WL 237389 at *2. As such, Defendants cannot be held liable under the 2011 Regulations because the Ninth Circuit Court's decision in Oregon Restaurant upholding those regulations rested on deference to a position that the DOL has abandoned. See Oregon Restaurant, 816 F.3d at 1088. The DOL expressly acknowledged that the 2011 Regulations were "incorrect" and "exceed [its] statutory authority." 82 Fed. Reg. 57,395, 57,395-96 (Dec. 5, 2017); Brief for Respondents at 13-14, Nat'l Rest. Ass'n v. Dept. of Labor, No. 16-920, (U.S. May 22, 2018), 2018 WL 2357725, at *11. Thus, "it would be quite inappropriate to defer to an interpretation which has been abandoned by the policymaking agency itself." Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 480 (1992); Christopher v. SmithKline Beecham Corp., 567 U.S. 142, 155 n.14 (2012) ("Neither petitioners nor the DOL asks us to accord controlling deference to the . . . interpretation the Department advanced in its briefs [below], nor could we given that the Department has now abandoned that interpretation."). In fact, for a court to "defer" to a statutory interpretation that the agency insists is wrong would be the opposite of deferring to the agency.

Moreover, in issuing the 2011 Regulations, the DOL stated it was attempting to overrule the decision in Cumbie, which was then binding Ninth Circuit precedent. See Updating Regulations Issued Under the Fair Labor Standards Act, 76 Fed. Reg. 18,832, 18,841-42 (Apr. 5, 2011) (discussing DOL's belief in 2011 that Cumbie was incorrectly decided and its disagreement with Ninth Circuit Court's plain meaning construction of the FLSA). When an agency attempts to overrule a prior judicial decree regarding a statute's plain meaning, the agency's new interpretation can be applied only to conduct occurring after a court validates the new interpretation. Gutierrez-Brizuela v. Lynch, 834 F.3d 1142, 1147 (10th Cir. 2016) (Gorsuch, J.) (holding that until court approves agency's rejection of the court's prior statutory construction, the prior court decision is "controlling law of this circuit" on which public should normally be able to rely); De Niz Robles v. Lynch, 803 F.3d 1165, 1174, n.7 (10th

Cir. 2015) (Gorsuch, J.) ("agency . . . may enforce its new policy judgment only with judicial approval"). Here, Cumbie was the established law of the circuit during the entire period of alleged liability. It expressly held not only that the text of the FLSA did not apply to tip pools like the ones at the Riverside, but also that any agency "interpretation" prohibiting them is "plainly erroneous and unworthy of any deference." Cumbie, 596 F.3d at 582. Thus, for the 2011 Regulations to overturn the "directly controlling judicial precedent" of Cumbie, the Ninth Circuit Court had to sanction those regulations. The Ninth Circuit Court's decision in Oregon Restaurant, upholding the 2011 Regulations became a "final judgment" only upon issuance of the mandate on June 25, 2018, more than three months after Congress amended the FLSA and nullified the 2011 Regulations. See Carver v. Lehman, 558 F.3d 869, 879 n. 16 (9th Cir. 2009) (until mandate issues opinion is not fixed as settled Ninth Circuit law and reliance on the opinion is gamble); Fed. R. App. P. 41. Accordingly, the 2011 Regulations did not become enforceable within the Ninth Circuit until after they had already been nullified by Congress, which is another reason the Defendants cannot be held liable under those regulations.

**D.   There Is No Private Right of Action for the Violations Alleged.**

The FLSA has been and remains explicit as to the types of alleged violations that entitle employees to maintain a private right of action. Until the 2018 FLSA Amendments, which do not apply to the allegations in the Complaint, there was no private right of action for unpaid tips or violative tip pools. Yet, Plaintiff has done here what employees and their counsel have repeatedly tried and failed to argue: that the tips disbursed through the tip pool are improper deductions leading to unpaid minimum wage – a claim which does create a private right of action. Courts that have analyzed this argument prior to the 2018 FLSA Amendments have summarily rejected it and found no private right of action existed. See Trejo v. Ryman Hospitality Props., Inc., 795 F.3d 442, 448 (4th Cir. 2015) (finding that Section 203(m) "could give rise to a cause of action only if the employer is using tips to satisfy its minimum wage requirements."); Malivuk v. Ameripark, LLC, 694 F. App'x 705, 708 (11th Cir. 2017) (holding that a "tip-withholding claim implicates neither" the minimum wage nor

the overtime sections of the FLSA, and thus a "plaintiff cannot assert a private cause of action" to recover unpaid tips from an employer who did not take a tip credit); Johnson v. Hakkasan Holdings LLC, 2:15-cv-01410-RCJ-NJK, 2016 WL 8608346, at *3 (D. Nev. Jan. 25, 2016) ("Plaintiffs must allege . . . that their tips were being taken before Defendant informed them of the tip-sharing policy and/or that they did not make the federal minimum wage before tip." [emphasis added]).

The 2018 FLSA Amendments expressly added a private right of action for recovery of tips, which the DOL (under the current *and* previous administration) had conceded was not previously available,[9] providing that "[a]ny employer who violates" the new version of Section 203(m) "shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." Pub. L. 115-141, Div. S, Tit. XII, § 1201(b), 132 Stat. 348, 1149 (29 U.S.C. § 216(b)).[10] Until those amendments, the FLSA had authorized private suits *only* by workers seeking either "unpaid minimum wages" or "unpaid overtime compensation." 29 U.S.C. § 216(b) (2014). Indeed, the DOL has never wavered from its position that the DOL alone, not private parties, could enforce the 2011 Regulations to recover unpaid tips. Both the DOL and Justice Department explained to the Supreme Court that by the 2018 creation of a "limited private right of action" to recover tips "only underscores" that no such private right of action previously existed. See Brief for Respondents

---

[9] In 2015, the DOL filed an *amicus* brief in the Trejo case asserting that "[t]here is no cause of action under" the FLSA for "a freestanding 'tip' claim under 29 U.S.C. § 203(m) that is divorced from a minimum wage claim or an overtime claim." Brief of the U.S as *Amicus Curiae*, Trejo v. Ryman Hospitality Indus., Inc., No. 14-1485, 795 F.3d 442, 2015 WL 191535, at *11 (4th Cir. Jan. 15, 2015). Again in 2016, in the consolidated appeal of the Oregon Restaurant and Cesarz cases before the Ninth Circuit Court, the DOL said that "in the absence of a minimum wage or overtime claim, an employee whose rights under the 2011 tip pooling regulations have been violated cannot bring a lawsuit, because he/she does not have a cause of action under the FLSA." Response of Defendants-Appellants (DOL/DOJ) (Dkt. No. 46), at 15, Oregon Restaurant, No. 13-35765, 816 F.3d 1080 (9th Cir. Apr. 28, 2016); see also Brief of the U.S as *Amicus Curiae*, at 10, Aguila v. Corp. Caterers II, No. 16-15838, 683 Fed. Appx. 746 (Mem), 2016 WL 6566237, at *11 (11th Cir. Nov. 1, 2016) (same).

[10] However, the Complaint does not assert violations under the 2018 FLSA Amendments.

1  at 27, Nat'l Rest. Ass'n v. Dept. of Labor, No. 16-920, (U.S. May 22, 2018), 2018 WL 2357725, at *27. Regardless of whether the DOL's 2011 Regulations were a valid exercise of authority, those regulations could not create a new avenue for private parties to recover in FLSA litigation. Although, "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, . . . it may not create a right that Congress has not." Alexander v. Sandoval, 532 U.S. 275, 291 (2001); see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 173 (1994) (a "private plaintiff may not bring a [suit based on a regulation] against a defendant for acts not prohibited by the text of [the statute]").

Therefore, Plaintiff lacks a private right of action for the tip pool violations alleged in his Complaint, and judgment should be granted in favor of Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. **CONCLUSION**.

Given the foregoing legal deficiencies, Defendants respectfully request the Court dismiss Plaintiff's causes of action brought against Defendants in their entirety and grant judgment on the pleadings against Plaintiff and in favor of Defendants.

DATED this 6th day of February 2019.

          Respectfully submitted,

          KAMER ZUCKER ABBOTT

By:   /s/ *Edwin A. Keller, Jr.*

Gregory J. Kamer    #0270
Edwin A. Keller, Jr.    #6013
R. Todd Creer    #10016
Kaitlin H. Paxton    #13625
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102
Tel: (702) 259-8640
Fax: (702) 259-8646

Attorneys for Defendants Riverside Resort and Casino, Inc., The Donald J. Laughlin Family Trusts, and Donald J. Laughlin

## **CERTIFICATE OF SERVICE**

This is to certify that on the 6th day of February 2019, the undersigned, an employee of Kamer Zucker Abbott, served a copy of the foregoing **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** through the Electronic Case Filing system of the United States District Court, District of Nevada to:

Leon Greenberg, Esq.
Dana Sniegocki, Esq.
Leon Greenberg Professional Corporation
2965 South Jones Boulevard, Suite #E-3
Las Vegas, Nevada 89146

Mark R. Thierman, Esq.
Thierman Law Firm
7287 Lakeside Drive
Reno, Nevada 89511

James P. Kemp, Esq.
Kemp & Kemp, Attorneys at Law
7435 West Azure Drive, Suite 110
Las Vegas, Nevada 89130

By: /s/ *Edwin A. Keller, Jr.*
An employee of Kamer Zucker Abbott