**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT NORSOPH, | Case No.: 2:13-cv-00580-APG-EJY |
| Plaintiff | **Order Granting Motion for Relief from Judgment** |
| v. | [ECF No. 124] |
| RIVERSIDE RESORT AND CASINO, INC., et al., | |
| Defendants | |

This is a collective action under the Fair Labor Standards Act (FLSA). I previously granted the defendants' motion for judgment on the pleadings, ruling that Robert Norsoph failed to state a claim because he did not work for Riverside Resort and Casino, Inc. (Riverside) after February 23, 2016, which is when the Ninth Circuit issued the decision in *Oregon Restaurant & Lodging Association v. Perez (ORLA)*, 816 F.3d 1080, 1082 (9th Cir. 2016). ECF No. 122 at 23. As explained more fully in my prior order, the FLSA claims asserted in this case that pre-date the *ORLA* decision fail as a matter of law. *Id.* I therefore granted judgment in favor of the defendants and against Norsoph, and closed the case. *Id.*

In doing so, however, I did not address the opt-in plaintiffs in this case. The opt-in plaintiffs thus seek relief from the judgment under Federal Rule of Civil Procedure 60(b), arguing that my prior order that did not consider their claims due to mistake or inadvertence. The defendants oppose, arguing that the opt-in plaintiffs agreed to designate Norsoph as their representative, so they are bound by the dismissal of his claims. Alternatively, they argue that some of the opt-in plaintiffs' claims similarly fail due to the plaintiffs' dates of employment.

/ / / /

Under Rule 60(b)(1), I may relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect."  My failure to address the opt-in plaintiffs was inadvertent and a mistake.  I therefore grant the plaintiffs' motion.  Additionally, I do not agree with the defendants that because the opt-in plaintiffs designated Norsoph as their representative to pursue the action, they agreed to have their claims adjudicated based on facts that do not apply to them.  Each opt-in plaintiff in an FLSA collective action is an individual party to the case. *See Campbell v. City of L.A.*, 903 F.3d 1090, 1104 (9th Cir. 2018).  The plaintiffs may agree to pool their resources and litigate the action through common counsel, but that does not mean they agree to have Norsoph's dates of employment applied to them.

To the extent the opt-in plaintiffs worked for Riverside prior to February 23, 2016, their claims fail as a matter of law, just like Norsoph's.  However at least some of them apparently worked for Riverside after February 23, 2016. ECF No. 124 at 10-11.  Consequently, judgment as to opt-in plaintiffs who worked at Riverside after February 23, 2016 was a mistake.

In their opposition, the defendants identify what they believe are the employment dates for the opt-in plaintiffs. ECF No. 126-1.  I direct the plaintiffs to determine whether they dispute the employment dates for any particular opt-in plaintiff and to confer with the defendants on a proposal for how to proceed in this collective action for any opt-in plaintiffs who worked for Riverside after February 23, 2016.  The parties shall file a status report on how the action will proceed.  If the parties cannot agree, they shall provide their respective proposals and explain why their position is proper.

I THEREFORE ORDER that the plaintiffs' motion for relief from judgment **(ECF No. 124) is GRANTED**.  The judgment at ECF No. 123 against plaintiff Robert Norsoph remains valid against him.  However, the judgment at ECF No. 123 does not apply to the opt-in plaintiffs.

I FURTHER ORDER that by July 22, 2020, the opt-in plaintiffs shall determine whether they dispute the employment dates the defendants have provided for them and confer with the defendants on a proposal for how to proceed in this collective action. By August 25, 2020, the parties shall file a status report on how the action will proceed. If the parties cannot agree, they shall provide their respective proposals and explain why their position is proper.

DATED this 21st day of May, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE